UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIH LING CHOU,<br><br>    Plaintiff,<br><br>   v.<br><br>ROSEMARY MELVILLE, Director, U.S. Citizenship and Immigration Services et al.,<br><br>    Defendants. | Case No. 08-1740 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS |

**I.   INTRODUCTION**

Plaintiff Chih Ling Chou ("Plaintiff" or "Chou") filed a Complaint seeking to compel action on her Application for Naturalization ("Application"). See Compl., Docket No. 1. The present matter is before the Court on the Motion to Dismiss ("Government's Motion") filed by the defendants Rosemary Melville, Director, U.S. Citizenship and Immigration Services et al. ("Defendants" or "Government"). Docket No. 18. Plaintiff filed a combined Opposition and Motion for Summary Judgment ("Plaintiff's Motion"). Docket No. 22. Both parties submitted Replies. Docket Nos. 23, 24. For the reasons discussed herein, the Government's

1 Motion is GRANTED and Plaintiff's Motion is DENIED.

## II. BACKGROUND

Plaintiff, born July 29, 1980, was admitted into the United States on November 10, 1997, as a conditional lawful permanent resident. Compl., Docket No. 1, Ex. C; Hadary Decl. ¶ 4.[1] At that time, Plaintiff's status derived from the fact that her mother was a principal Employment Creation immigrant investor (EB-5) under the Employment Creation immigrant visa category of section 203(b)(5) of the Immigration and Nationality Act ("INA"). Id. Pursuant to her conditional status as an Employment Creation immigrant investor, Plaintiff's mother, Hsu Yuan-Hen Chou, was required to invest between $500,000 and $1,000,000 of lawfully obtained capital in a targeted rural or high unemployment area. Id. Plaintiff's mother, who is not a party to the present action, apparently complied with these conditions and, pursuant to statutory provisions, timely filed a Petition by Entrepreneur to Remove Conditions with the United States Citizenship and Immigration Services ("USCIS") on October 28, 1999. Vinet Decl. ¶ 4.[2] This petition is still pending, in part because USCIS, as recently as May 30, 2008, issued a Request for Evidence to

---

[1] Jonah Hadary is a district adjudications officer with the United States Citizenship and Immigration Services at the San Francisco office and submitted a declaration in support of the Government's Motion. Docket No. 18-1.

[2] Richard Vinet is an attorney with Immigration and Customs Enforcement ("ICE") and is agency counsel in the present action. He filed a declaration in support of the Government's Motion. Docket No. 18-2.

2

Plaintiff's mother seeking additional information. Vinet Decl. ¶¶ 5, 6. In addition, however, the petition apparently remains pending in part because of a class action, of which Plaintiff's mother is a member, brought in 1999 in the Central District of California that also remains pending. See Vinet Decl. 6; Chang v. United States, 99-CV-10518 (C.D. Cal. 1999); see also Chang v. United States, 327 F.3d 911 (9th Cir. 2003) (finding that the putative class members had colorable claims and remanding case to the district court for further adjudication). In fact, an attorney for Plaintiff's mother submitted a letter in response to the Request for Evidence specifically asking that the time frame in which to respond be extended because of the pending litigation. See Vinet Decl. Attach. 2, (letter seeking continuation of Plaintiff's mother's petition, dated August 20, 2008). USCIS, in a fax dated August 21, 2008, granted a continuance until February 20, 2009. Vinet Decl. Attach. 3.

Plaintiff herself filed her application for naturalization on June 12, 2007. Compl. Ex. C.[3] As part of this application, USCIS scheduled an interview with Plaintiff for November 9, 2007. Compl. Ex. E. On October 26, Plaintiff received notice from USCIS that "due to unforseen circumstances, [it] had to cancel the previously scheduled interview." Id. The notice also stated that USCIS would "advise [Plaintiff] of any further action taken on this case, including rescheduled interview information, under

---

[3] The parties apparently disagree as to whether Plaintiff's application for naturalization is dependent on her mother's petition. See Pl.'s Mot. at 11; Hadary Decl. ¶ 7. Resolution of this issue, however, is not necessary for present purposes.

3

1 separate notice."  Id.

2 Plaintiff apparently did not hear anything else from USCIS and, on April 1, 2008, filed the present Complaint under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, seeking to compel the Government to adjudicate her naturalization application.  Six months after Plaintiff filed her Complaint, on October 8, 2008, the USCIS finally interviewed her.  Hadary Decl. ¶ 6.

Since arriving in the United States, Plaintiff has attended Columbia University and the Parsons School of Design and now works as an Architect in Burlingame, California.  Compl. Ex. A.

### III. DISCUSSION

The Government seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1).  Plaintiff, as the party seeking to invoke the jurisdiction of the Court, has "the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam).  Plaintiff asserts that jurisdiction is appropriate under the APA.[4]

The APA "permits a citizen suit against an agency when an individual has suffered 'a legal wrong because of agency action' or has been 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'"  Rattlesnake Coalition

---

[4] Although Plaintiff's Complaint also sought relief under 8 U.S.C. § 1447(b), Plaintiff withdrew this claim in her Motion.  See Pl.'s Mot. at 3.

4

1 v. U. S. Envtl. Prot. Agency, 509 F.3d 1095, 1103 (9th Cir. 2007)
2 (quoting 5 U.S.C. § 702).

3  Under the APA, a plaintiff must first show that an agency
4 delayed or withheld a discrete action that the agency was legally
5 required to take. See Norton v. S. Utah Wilderness Alliance, 542
6 U.S. 55, 64 (2004) (stating "a claim under § 706(1) can proceed
7 only where a plaintiff asserts that an agency failed to take a
8 discrete agency action that it is required to take") (emphasis in
9 original).

10  Interpreting the APA in the context of immigration, this
11 Court and others have found that the Government has a
12 nondiscretionary duty to adjudicate applications to adjust status.
13 See Soneji v. Dep't of Homeland Sec., 525 F. Supp. 2d 1151, 1156
14 (N.D. Cal. 2007); see also id. (collecting cases holding the
15 same). Moreover, 8 U.S.C. § 1446 explicitly provides that the
16 duty to render a decision on a naturalization application is not
17 discretionary. See 8 U.S.C. § 1446(d) (stating "[t]he employee
18 designated to conduct any such examination shall make a
19 determination as to whether the application [to naturalize] should
20 be granted or denied, with reasons therefor") (emphasis added).

21  Second, a plaintiff invoking the APA must also show that the
22 agency unreasonably delayed or unlawfully withheld processing its
23 decision. See 5 U.S.C. § 555(b) (stating "with due regard for the
24 convenience and necessity of the parties or their representatives
25 and within a reasonable time, each agency shall proceed to
26 conclude a matter presented to it"); 5 U.S.C. § 706(1) (stating
27 that courts "shall compel agency action unlawfully withheld or
28

United States District Court
For the Northern District of California

unreasonably delayed"); Soneji, 525 F. Supp. 2d at 1156 (holding that the duty to adjudicate adjustment applications "must be undertaken within a reasonable amount of time"); see also id. (collecting cases holding the same).

In Soneji, this Court found that the Government's delay of more than three years in processing a background check and adjudicating the plaintiff's adjustment application was an unreasonable delay. Soneji, 525 F. Supp. 2d at 1156. In the present case, Plaintiff filed her Application on June 12, 2007, roughly a year and half ago. Given that this is half the time that was found to be unreasonable in Soneji, it presents a closer question of reasonableness.

The Court's determination of whether the Government has violated its non-discretionary duty to render a decision on Plaintiff's Application is guided by what are known as the "TRAC factors":

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

1 Independence Min. Co., Inc. v. Babbitt, 105 F.3d 502, 507 n.7 (9th
2 Cir. 1997) (quoting Telecomms. Research & Action v. F.C.C., 750
3 F.2d 70, 79-80 (D.C. Cir. 1984)) (modifications in original).  It
4 is also relevant to "look to the source of the delay--e.g., the
5 complexity of the investigation as well as the extent to which the
6 defendant participated in delaying the proceeding."  Singh v.
7 Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (internal
8 modifications omitted).

9     In her Motion, Plaintiff argues that she is entitled to
10 summary judgment on the issue of whether the delay in adjudicating
11 her Application has been reasonable.  Entry of summary judgment is
12 proper "if the pleadings, the discovery and disclosure materials
13 on file, and any affidavits show that there is no genuine issue as
14 to any material fact and that the movant is entitled to judgment
15 as a matter of law."  Fed. R. Civ. P. 56(c).  "Summary judgment
16 should be granted where the evidence is such that it would require
17 a directed verdict for the moving party."  Anderson v. Liberty
18 Lobby Inc., 477 U.S. 242, 250 (1986).  Thus, "Rule 56(c) mandates
19 the entry of summary judgment . . . against a party who fails to
20 make a showing sufficient to establish the existence of an element
21 essential to that party's case, and on which that party will bear
22 the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S.
23 317, 322 (1986).

24     At this time, the Court declines to reach the issue of
25 whether the approximately 18-month delay Plaintiff has experienced
26 while waiting for a decision on her Application is unreasonable.
27 First, the Court notes that Plaintiff has failed to present
28

7

1 sufficient evidence such that triable issues of fact regarding the
2 TRAC factors do not exist.  The only evidence submitted by
3 Plaintiff was her declaration and various documents relating to
4 her interactions with USCIS.  See Compl. Exs. A-E.  None of these
5 documents sheds light on any reasons that may have created the
6 delay.  For this reason, even if the Court were to retain
7 jurisdiction over the action, Plaintiff's Motion would still be
8 DENIED.

9     Second, Plaintiff's reliance on 8 U.S.C. § 1571(b) is
10 misplaced.  Section 1571(b) states "[i]t is the sense of Congress
11 that the processing of an immigration benefit application should
12 be completed not later than 180 days after the initial filing of
13 the application . . . ."  8 U.S.C. § 1571(b).  As the Ninth
14 Circuit has recently stated, "'Sense of the Congress' provisions
15 are precatory provisions, which do not in themselves create
16 individual rights or, for that matter, any enforceable law."
17 Orkin v. Taylor, 487 F.3d 734, 739 (9th Cir. 2007).  Finally,
18 Plaintiff has been interviewed by USCIS and USCIS is statutorily
19 provided with a period of 120 days to render a decision before
20 Plaintiff may bring suit in this Court under § 1447.

21     8 U.S.C. § 1427(a) provides the requirements for
22 naturalization.  8 U.S.C. § 1446(b) grants the Attorney General
23 the authority to designate employees to conduct examinations of
24 applicants for naturalization.  8 U.S.C. § 1447(b) states that if,
25 after 120 days from the date of the examination, USCIS has failed
26 to render a decision on the application for naturalization,
27 ///
28

**United States District Court**
For the Northern District of California

>     the applicant may apply to the United
>     States district court for the district in
>     which the applicant resides for a hearing
>     on the matter. Such court has
>     jurisdiction over the matter and may
>     either determine the matter or remand the
>     matter, with appropriate instructions, to
>     [USCIS] to determine the matter.

8 U.S.C. § 1447(b).

It is undisputed that Plaintiff was interviewed by USCIS on October 8, 2008. Thus, the 120-day period has not run and Plaintiff's claim is not ripe for adjudication.

Plaintiff argues that because she had not been interviewed at the time she filed her Complaint, the 120-day period of § 1447(b) is inapposite to the question of whether this Court has jurisdiction under the APA. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Nonetheless, "subsequent events [may] render the case non-justiciable so that no federal court would have jurisdiction . . . ." Hose v. I.N.S., 180 F.3d 992, 996 (9th Cir. 1999); see also Newman-Green, 490 U.S. at 430 (stating that there are exceptions to the general principal that federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed).

In the present case, the Court finds that the relevant statutes and caselaw, in addition to the equities, all favor dismissal of Plaintiff's Complaint pending the expiration of the 120-day period. If the Government fails to adjudicate Plaintiff's Application within the statutorily mandated time-frame, Plaintiff

9

1  may refile her Complaint.[5]

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED; the Government's Motion is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pending the conclusion of the 120-day period.  Plaintiff may refile her Complaint if the Government fails to act within this time frame.

IT IS SO ORDERED.

Dated: January 5, 2009

_____
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that in a sworn affidavit, Jonah Hadary, an adjudications officer for USCIS, stated that a "decision [on Plaintiff's Application] will be issued within 120 days of the examination."  Hadary Decl. ¶ 7.